GLICKSTEIN, Judge,
concurring specialty-
I write to express two views in this case wherein the trial court property entered judgment against the former husband for $15,347.25 in arrearages for child support. First, the former husband sought, unsuccessfully, to establish waiver and estoppel to the claim of the former wife. I find it unreasonable that a child, not represented by a guardian ad litem, could lose the financial support due that child because of some act by the custodial parent to which a guardian ad litem might have objected, had there been one. Child support is a daily reality. It determines if and what a child eats; what a child wears; the education the child is receiving; the daily care the child has or does not have; medical, dental, opto-metric or other benefits the child obtains or does without; the activities in which the child does or does not engage; and the intellectual and emotional growth which the child enjoys or of which the child is deprived. In case after case in which the *417 child has no representation, the mother’s decision which constitutes waiver and es-toppel could be in direct conflict with the child’s interest. What about the child whose mother does not want to go through the trauma of more litigation with her former spouse or who may be unaware of interstate enforcement proceedings or of legal assistance through legal aid? In short, for waiver and estoppel to preclude a child from recovery of what that child needs, I suggest waiver should arise only when the child’s interests were directly represented when the acts constituting waiver took place.
Second, child support is a constant, daily obligation. Time and again, we see the cruel maxim to which a child is victim; namely, out of sight, out of heart. Fathers appear, leave and reappear without maintaining that ongoing presence, financially and emotionally, which is a child’s birthright. The late Oliver Wendell Holmes could well have likened children to puppies when he observed that even the latter know the difference between being kicked and being tripped over. If all fathers were truly sensitive to their children’s ongoing needs, the adult financial delinquency involved here might never have occurred.